IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL YORBA, on behalf of himself and those similarly situated

No.: 5:16-cv-01656

JUDGE _____

Mag. JUDGE _____

vs.

BULLDOG OILFIELD SERVICES, INC;
and BRIAN K. SNEED, Individually

---

**COMPLAINT & DEMAND FOR JURY TRIAL**
(Collective Action Complaint)

---

COMES NOW the Plaintiff, MICHAEL YORBA, on behalf of himself and those similarly situated (hereinafter referred to as "Plaintiff"), and files this Complaint against his current and/or former employers, Defendants BULLDOG OILFIELD SERVICES, INC. and BRIAN K. SNEED, Individually (hereinafter referred to as "Defendants") for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"), and in support thereof states as follows:

## NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so

1

detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

4. This action is intended to include each and every warehouse inventory worker who worked for the Defendant **companywide** at any time within the past three (3) years.

## JURISDICTION AND VENUE

5. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. §216(b).

7. Venue is proper in this Court because Plaintiff either worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

8. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

9. At all times material hereto, Plaintiff and putative Opt-In Plaintiffs were employed by Defendants as non-exempt hand pump operators and second hand man workers.

10. Plaintiff worked for Defendants in Shreveport, Louisiana and on-site in North Dakota.

11. Defendant Bulldog Oilfield Services, Inc. is a corporation that is located at 1325 North Market, Shreveport, Louisiana and conducts business in and around Louisiana and North Dakota.

12. Defendant Brian Sneed is an individual who conducts business in and around Shreveport, Louisiana, as well as other locations.

13. This action is intended to include each and every non-exempt employee who worked for the Defendants within the last three (3) years and who likewise were not paid overtime compensation at a rate of time and one-half their regular rate of pay for hours worked by them over forty (40) in a work week.

## COVERAGE

14. At all material times hereto (2013 – 2016), Plaintiff was considered an "employee" within the meaning of the FLSA.

15. At all material times hereto (2013 – 2016), Defendants were the "employer" of Plaintiff within the meaning of the FLSA.

16. At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

17. At all material times hereto (2013 – 2016), Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

18. At all material times hereto (2013 – 2016), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

19. Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

20. At all material times hereto (2013 – 2016), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

21. At all material times hereto (2013 – 2016), Plaintiff were "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

22. At all material times hereto (2013 – 2016), the work performed by Plaintiff was directly essential to the business performed by Defendants.

23. At all material times hereto (2013 – 2016), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a workweek.

24. Defendants and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

25. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

26. At all material times hereto (2013 – 2016), Brian Sneed owned and operated Bulldog Oilfield Services, Inc., and regularly exercised the authority to: (a) hire and fire employees of Bulldog Oilfield Services, Inc.; (b) determine the work schedules for the employees of Bulldog Oilfield Services, Inc.; and (c) control the finances and operations of Bulldog Oilfield Services, Inc.by virtue of having regularly exercised that authority on behalf of Bulldog Oilfield Services, Inc., Brian Sneed is an employer as defined by 29 U.S.C. §201, *et seq*.

## FACTUAL ALLEGATIONS

27. Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

28. Defendants operate a full service Frac Water Transfer company located in Shreveport, Louisiana. It also conducts business in North Dakota.

29. Defendants employed Plaintiff as a hand pump operator and second hand man worker from approximately January of 2013 until March of 2016.

30. Defendants paid Plaintiff an annual salary of $40,000.

31. When Defendants dispatched Plaintiff to its North Dakota site, Plaintiff was required to work twelve (12) hour shifts, seven (7) days a week for two (2) week periods.

32. Accordingly, Plaintiff worked approximately eighty-four (84) hour per week during weeks for which he worked for Defendants in North Dakota.

33. Defendants misclassified Plaintiff as an exempt employee for FLSA purposes; therefore, Defendants failed to pay Plaintiff any compensation whatsoever for all hours worked in excess of forty (40) hours in a given workweek.

34. As a result of Defendants misclassification of its workers, Defendants failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half his regular rate of pay for hours worked over forty (40) in a workweek.

35. Defendants have employed and are employing other individuals as hand pump operators who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

36. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation, or even apprise Plaintiff of his right to overtime pay, with respect to Plaintiff.

37. Defendants knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

38. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff and the class members performed the same or similar job duties as one another in that they provided hand pump and related services for Defendants.

40. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were misclassified and only paid a salary for all hours worked and were not compensated at a rate of at least time-and-one-half their regular rate of pay for all

6

hours worked in excess of forty (40) hours in a workweek during the time period while they were misclassified as exempt.

41. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

42. Defendants' failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that its workers are paid for overtime hours worked based on the Defendants' erroneous misclassification of its hand pump operators as exempt.

43. These policies or practices were applicable to both Plaintiff and the class members.

44. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

45. Rather, the same policies or practices that resulted in the non-payment of overtime to Plaintiff applies to all class members.

46. Accordingly, the class members are properly defined as:

> **All hand pump operators and second hand man workers who worked for Defendants within the last three (3) years who were not compensated at a rate of at least time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek as a result of being misclassified as exempt.**

47. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

48. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks

without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

49. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANTS BULLDOG OILFIELD SERVICES, INC; and BRIAN K. SNEED, INDIVIDUALLY

50. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-49 above.

51. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per workweek.

52. During his employment with all named Defendants, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for same.

53. Specifically, all of the named Defendants misclassified Plaintiff as an exempt employee and paid him his regular hourly rate of pay for all hours worked in a week.

54. In addition, all of the named Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiffs.

55. Each of the Defendants acted with direct control over the work, pay, and job duties of Plaintiff.

56. All of the Defendants supervised and controlled Plaintiff's work schedule and/or conditions of employment.

57. Each of the Defendants determined Plaintiff's rate and method of payment.

58. Also, all of the Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

59. As a result each of the named Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour

worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

60. As a result of each of the Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

61. Plaintiff demands judgment against each of the Defendants for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by him for which each of the Defendants did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then pre-judgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

62. Plaintiff demands a trial by jury.

### COUNT II - DECLARATORY RELIEF AGAINST BULLDOG OILFIELD SERVICES, INC; and BRIAN K. SNEED, INDIVIDUALLY

63. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-49 above.

64. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

65. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202

66. Plaintiff may obtain declaratory relief.

67. Defendants jointly employed Plaintiff.

68. Defendant, Brian Sneed is an individual employer as defined by 29 U.S.C. § 201, *et seq*.

69. Plaintiff was individually covered by the FLSA.

70. Defendants failed to pay Plaintiff for all the hours worked.

71. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(l).

72. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

73. Defendants did not rely on a good faith defense.

74. Plaintiff is entitled to an equal amount of liquidated damages.

75. It is in the public interest to have these declarations of rights recorded.

76. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

77. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

78. Plaintiff demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against each named Defendant:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

DATED this the 30th day of November, 2016.

                                            Respectfully Submitted,

                                            Michael Yorba, on behalf of himself and those similarly situated

                                            <u>/s/ Ryan Goudelocke</u>
                                            RYAN GOUDELOCKE

                                            Ryan Goudelocke, Esq. (LA Bar# 30525)
                                            Durio, McGoffin, Stagg & Ackermann
                                            220 Heymann Blvd.
                                            P.O. Box 51308 (70505)
                                            Lafayette, Louisiana 70503
                                            (337) 233-0300 (tel)
                                            (337) 233-0694 (fax)
                                            ryan@dmsfirm.com

                                            ATTORNEY FOR PLAINTIFF